STOKER, Judge.
The two defendants in this case jointly appeal from a judgment declaring a note *754 issued by the plaintiff to be paid in full and ordering cancellation of an accompanying chattel mortgage. We amend the judgment insofar as it casts defendant Harco National Insurance Company (Harco) for costs and dismiss the suit as to that defendant. In all other respects we affirm.
Plaintiff bought a skidder (a piece of equipment used in logging operations) from Byles Welding and Tractor Company, Inc., (Byles). Byles is not a party to this suit. The plaintiff, J.B. Maxie, signed an installment sale and chattel mortgage agreement which was endorsed by the vendor, Byles, and assigned to defendant International Harvester Credit Corporation (International). Plaintiff insured the skidder against loss with defendant Harco; and defendant International, as owner of the note and mortgage, was listed as the loss payee in the insurance contract. The skidder was subsequently destroyed by fire. Harco replaced the skidder with another skidder and the plaintiff entered into a “substitution agreement” with International. In this agreement International agreed with Maxie to substitute the second skidder for the first one in the chattel mortgage and note. Har-co also agreed to insure the second skidder. After the second skidder was also destroyed, Harco paid International what Harco considered it was obliged to pay under the insurance agreement. This amount was far below the outstanding balance on plaintiff’s obligation to International, and International demanded the balance from plaintiff.
Plaintiff filed this suit asking that the note be declared paid in full and the mortgage be cancelled. In the alternative, plaintiff asked that judgment be granted against defendant Harco under the insurance policy for the amount of the outstanding balance on the note plus the amount of penalties that International had assessed against the plaintiff for late payment. The trial court granted judgment for the plaintiff on his primary demand.
The written reasons of the trial court deal with defendant Harco’s liability as insurer. Defendants raise several issues on appeal with regard to the correctness of the trial court’s findings. However, the judgment is not against Harco on any policy obligation. Therefore, we need not consider those issues.
This leaves for consideration the issue of International’s appeal. The judgment appealed from decreed that Maxie’s note held by International be declared paid in full and ordered the chattel mortgage and other documents of record be cancelled. As the following discussion will show, International admitted payment of the balance due on the note by the endorser, Byles. Therefore, we hardly see how International can complain of the judgment against it.
The allegations of paragraph 17 of plaintiff’s petition are as follows:
“17.
“Petitioner further shows that after applying the sum of $12,750.00 to the balance of the promissory note, International computed an unpaid balance of $4,969.00 due and still owing on the note, that International further added a late charge of $1,075.76, and International further made a demand for payment of $6,044.76.” * * *
The answer to plaintiff’s paragraph 17 contained in the answer filed jointly by Harco and International is as follows:
“17.
“Article 17 of plaintiff’s petition is admitted and that subsequently, the endorser on the note, Byles Welding and Tractor Company, Inc., as endorser, paid the balance on the note to International Harvester Credit Corporation.”
In view of International’s admission that the balance on the note made by plaintiff has been paid by Byles as the endorser, the obligation represented by the note has been discharged. Plaintiff prayed that the trial court grant a declaratory judgment declaring “the outstanding balance on the promissory note, together with the late charges and interest to be paid in full and ordering the note and chattel mortgage cancelled in full.” This is precisely what the trial court did in its judgment although, as set forth in *755 its reasons for judgment, the trial court based its holding on other grounds, namely the issues relating to the insurance claim.
Inasmuch as International has admitted that Maxie’s note has been discharged, it can hardly complain of a judgment ordering that the note and mortgage be cancelled.
In the alternative, Maxie prayed for a judgment against Harco, the insurer, for $6,044.76 with interest, penalties, attorney fees and costs. Inasmuch as the primary demand was granted, no judgment was rendered against Harco except that it was cast for costs along with International. Under the judgment Harco has no complaint except for being cast for costs. Because no judgment was rendered against Harco, we shall amend the judgment to cast International for all of the costs.
In summary, this case was tried entirely on the insurance claim issues between plaintiff, Maxie, and Harco. These issues did not concern International. In fact, as to these issues, International’s interests would have been the same as Maxie’s since it was the loss-payee in Harco’s policy. International’s interest would actually have been adverse to Harco’s interest except that it admitted that it had been paid. As a result, it no longer had an interest as loss payee with respect to any funds that might be due under Harco’s policy. Because the demand against Harco was never reached, we deem it proper to further amend the judgment to dismiss the suit as against Harco without prejudice.
For the foregoing reasons we amend the judgment of the trial court to relieve Harco National Insurance Company from the payment of any costs and to cast International Harvester Credit Corporation for all costs of the proceedings in the trial court. In further amendment we do hereby order, adjudge and decree that the action of plaintiff J.B. Maxie herein against Harco National Insurance Company be and it is hereby dismissed without prejudice. In all other respects, the judgment of the trial court is affirmed.
AMENDED AND AFFIRMED AS AMENDED.